James H. Berry, Jr. (State Bar No. 075834)
Kevin R. Lussier (State Bar No. 143821)
BERRY & LUSSIER
A Professional Corporation
1901 Avenue of the Stars, Suite 1060
Los Angeles, California 90067
Telephone: (310) 557-8989
Facsimile:   (310) 788-0080
E-Mail:  jberry@bandlpc.com
E-Mail:  klussier@bandlpc.com

JS-6

Attorneys for Plaintiff CHANEL, INC.

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC.,<br>a New York corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PISHON TRADING, INC., a California corporation, and STEVE PARK, an individual, individually and jointly, d/b/a P-LINE d/b/a EYEZONE d/b/a PISHON & BMT TRADING d/b/a BMT TRADING d/b/a PISHONTRADING.COM and DOES 1-10,<br><br>　　　　Defendants. | Case No. CV-11-10281-MWF (CWx)<br><br>**CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION** |

　　　　Plaintiff, Chanel, Inc. ("Chanel") and Defendants Pishon Trading, Inc., a California corporation ("Pishon Trading") and Steve Park, an individual ("Park"), individually and jointly, d/b/a P-Line d/b/a Eyezone d/b/a Pishon & BMT Trading d/b/a BMT Trading d/b/a Pishontrading.com (collectively, the "Defendants") stipulate and consent to the following:

1   **WHEREAS**, the Defendants adopted and began using a trademark in the
2   United States which infringes and dilutes the distinctive quality of Chanel's
3   registered trademark: and as identified in Paragraph 7 of Chanel's Verified
4   Complaint;

5   **WHEREAS**, Defendants' use of names and a mark which are identical to, or
6   substantially indistinguishable from the Chanel Mark is likely to cause confusion as
7   to source or origin of the Defendants' products, and will further dilute the
8   distinctive quality of the Chanel Mark;

9   **WHEREAS**, without the admission of any liability, the parties desire to
10  settle and have amicably resolved their dispute to each of their satisfaction; and

11  **WHEREAS**, based upon Chanel's good faith prior use of the Chanel Mark,
12  Chanel has superior and exclusive rights in and to the Chanel Mark in the United
13  States and any confusingly similar names or mark.

14  IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED that:

15  1.  The Defendants and their officers, agents, servants, employees and
16  attorneys, and all persons in active concert and participation with them are hereby
17  permanently restrained and enjoined from intentionally and/or knowingly:

18   A.  manufacturing or causing to be manufactured, importing,
19       advertising, or promoting, distributing, selling or offering to sell
20       counterfeit and infringing goods bearing the Chanel Mark;
21   B.  using the Chanel Mark in connection with the sale of any
22       unauthorized goods;
23   C.  using any logo, and/or layout which may be calculated to falsely
24       advertise the services or products of the Defendants as being
25       sponsored by, authorized by, endorsed by, or in any way
26       associated with the Plaintiff;
27   D.  falsely representing the Defendants as being connected with the
28       Plaintiff, through sponsorship or association,

- 2 -

CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

E. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with the Plaintiff;

F. using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Mark in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, costume jewelry, including, earrings, belly button rings and nose rings;

G. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiff, or in any way endorsed by Plaintiff;

H. offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff;

I. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Chanel Mark; and

J. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

- 3 -
CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

2. Plaintiff shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure by the Defendants to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

3. The causes of action between Chanel and all Named Defendants are hereby dismissed, subject to the terms of the Settlement Agreement between the parties. This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

4. The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

5. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment and the Settlement Agreement between the parties.

6. All infringing and counterfeit Chanel branded products seized on December 21, 2011 and/or any Chanel branded products currently in the possession, custody and/or control of the Defendants or required to be surrendered to Chanel under the terms of the parties' settlement, shall be destroyed under the direction of Chanel.

IT IS SO ORDERED.

DATED: January 23, 2014

_____
JUDGE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION